OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 1, 2001

Ms. Sandy Smith
Executive Director
Texas Board of Professional Land Surveying
7701 North Lamar Boulevard, Suite 400
Austin, Texas 78752

Opinion No. JC-0374

Re: Whether a registered professional land surveyor may provide a competitive bid to the primary contractor of a contract with a governmental entity (RQ-0321-JC)

Dear Ms. Smith:

Pursuant to a statute requiring it to prescribe standards for compliance with the Professional Services Procurement Act, the Texas Board of Professional Land Surveying (the "Board") recently adopted a rule prohibiting registered surveyors from offering a competitive bid to a governmental entity for professional services. See 22 TEX. ADMIN. CODE § 663.8(5) (Supp. 2000) (Tex. Bd. of Prof'l Land Surveying, Adherence to Statues and Codes). On behalf of the Board, you ask whether a registered professional land surveyor may provide a competitive bid to the primary contractor of a contract with a governmental entity and whether a surveyor has a "legal obligation" to ask who the ultimate owner of a project will be.[1] We conclude that the Professional Services Procurement Act applies to any governmental contract that includes professional services as a component part but does not obligate a professional to ascertain whether a negotiation might be impermissible under the Act.

Before answering your questions, we briefly review the applicable law. The Professional Services Procurement Act, Government Code chapter 2254, subchapter A, prohibits a governmental entity[2] from selecting a provider of professional services or awarding a contract for professional services on the basis of competitive bids. See TEX. GOV'T CODE ANN. § 2254.003 (Vernon 2000). Land surveying is expressly included within the scope of professional services. See id. § 2254.002(2)(A)(iv). Section 2254.004 of the Government Code sets forth special rules a governmental entity must follow in procuring architectural, engineering, and land surveying services. See id. § 2254.004(a) ("(1) first select the most highly qualified provider of those services on the basis of demonstrated competence and qualifications; and (2) then attempt to negotiate with that

---

[1]Letter from Ms. Sandy Smith, Executive Director, Texas Board of Professional Land Surveying, to Honorable John Cornyn, Texas Attorney General (Nov. 30, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

[2]For purposes of the Professional Services Procurement Act, "governmental entity" means "(A) a state agency or department; (B) a district, authority, county, municipality, or other political subdivision of the state; or (C) a publicly owned utility." TEX. GOV'T CODE ANN. § 2254.002(1) (Vernon 2000).

provider a contract at a fair and reasonable price."). A contract entered into in violation of the Professional Services Procurement Act is void as against public policy. *See id.* § 2254.005.

The Professional Land Surveying Practices Act, article 5282c of the Revised Civil Statutes, governs the practice of land surveying and provides for the regulation of registered professional land surveyors. The legislature recently amended article 5282c to require the Board to prescribe standards for compliance with the Professional Services Procurement Act. *See* TEX. REV. CIV. STAT. ANN. art. 5282c, § 9(a) (Vernon Supp. 2001). Section 9(a) of that Act now provides in pertinent part:

> The board by rule *shall* prescribe standards for compliance with Subchapter A, Chapter 2254, Government Code, but may not otherwise adopt rules restricting competitive bidding or advertising by a person regulated by the board except to prohibit false, misleading, or deceptive practices by the person.

*Id.* (emphasis added); *see also* TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 1998) (Code Construction Act provision stating that unless context requires a different construction, the word "shall" imposes a duty).

Pursuant to this statute, the Board has enacted a rule providing that a registered professional land surveyor

> shall not submit or request, orally or in writing, a competitive bid to perform professional surveying services for a governmental entity or political subdivision of the State of Texas unless specifically authorized by state law.
>
> (A) For purposes of this section, the board considers competitive bidding to perform professional surveying services to include the submission of any monetary cost information in the initial step of selecting qualified professional land surveyors. Cost information or other information from which cost can be derived must not be submitted until the second step of negotiating a contract.
>
> (B) This section does not prohibit competitive bidding in the private sector.

22 TEX. ADMIN. CODE § 663.8(5) (Supp. 2000) (Tex. Bd. of Prof'l Land Surveying, Adherence to Statutes and Codes).

You explain that in the wake of promulgating this rule, the Board "has received several questions regarding the legislature's mandate to provide standards for compliance with the

[Professional Services Procurement Act]." Request Letter, *supra* note 1, at 1. Your first two questions are related and we answer them together. You ask:

> 1.  A primary contractor has been awarded a contract with a governmental entity. Can a registered surveyor provide a competitive bid to the primary contractor for professional surveying services at the planning and design stage?
>
> 2.  Assume that a governmental entity that is the owner of a project contracts separately, in accordance with the PSPA [Professional Services Procurement Act], for the provision of professional services at the planning and design phase of the project, but the proper completion of the project requires additional testing, surveying, or inspections by a professional, and those services are included in the construction contract. Can a registered surveyor provide a competitive bid to the primary contractor for professional services that will be needed in the construction phase of a project, if the contract has already been awarded by the governmental agency when the bids are solicited?

*Id.* These questions raise two issues with respect to the Professional Services Procurement Act — whether the Act applies when a governmental entity's prime contractor procures professional services on the basis of competitive bids in connection with the governmental contract, and whether, under the Act, surveyors must refrain from making bids on governmental contracts.

First, we consider whether the Professional Services Procurement Act applies when a governmental entity's prime contractor procures professional services on the basis of competitive bids in connection with the governmental contract. We conclude that it does. The Professional Services Procurement Act is broadly written to prohibit a governmental entity from selecting a provider of professional services *or* awarding a contract for professional services on the basis of competitive bids. *See* TEX. GOV'T CODE ANN. § 2254.003(a) (Vernon 2000) ("A governmental entity *may not select a provider of professional services* or a group or association of providers *or award a contract for the services* on the basis of competitive bids submitted for the contract or for the services . . . .") (emphasis added). In a 1990 opinion, JM-1189, this office construed similar language in the Act's statutory predecessor[3] to prohibit a governmental entity from awarding a design-build contract on the basis of competitive bids because professional services would comprise

---

[3]Section 3 of former article 664-4 provided: "No state agency, political subdivision, county, municipality, district, authority or publicly-owned utility of the State of Texas *shall make any contract for, or engage the professional services of,* any licensed physician, optometrist, surgeon, architect, certified public accountant, land surveyor, or registered engineer, or any group or association thereof, selected on the basis of competitive bids submitted for such contract or for such services to be performed." Act of Mar. 24, 1971, 62d Leg., R.S., ch. 38, § 3, 1971 Tex. Gen. Laws 72-73, *amended by* Act of May 27, 1989, 71st Leg., R.S., ch. 1036, § 1, 1989 Tex. Gen. Laws 4169-70 (emphasis added), *repealed by* Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 46, 1993 Tex. Gen. Laws 583, 986.

a component of the contract. *See* Tex. Att'y Gen. Op. No. JM-1189 (1990) (concluding that statutory predecessor to the Act, former article 664-4 of the Texas Revised Civil Statutes, prohibited a commissioners court from awarding a "design/build" contract for the construction of a public work on the basis of competitive bidding where contract would include architectural or engineering services as a component). Under the analysis of Attorney General Opinion JM-1189, if a governmental entity's contract with a prime contractor requires professional services, either expressly or in fact, then the governmental entity has entered into a contract that includes professional services as a component part and the Act applies. *See id.* Furthermore, the Professional Services Procurement Act, as construed in Attorney General Opinion JM-1189, would make no distinction between professional services required in the planning and design phase versus the construction phase of a project.

In concluding that the Professional Services Procurement Act applies whenever a governmental entity awards a contract that includes professional services as a component part, Attorney General Opinion JM-1189 makes no distinction between professional services that are integral to a contract and those that are merely ancillary to a contract or unforeseen at the time it was executed. We acknowledge that this broad construction of the Act may raise certain difficulties for governmental entities and their contractors as it does not allow for the procurement of unanticipated professional services by a contractor pursuant to competitive bids after a contract has been executed. However, we decline to revisit Attorney General Opinion JM-1189, for the following reasons.

In the eleven years since Attorney General Opinion JM-1189 was issued, the legislature has adopted two statutes that permit governmental entities to enter into design-build contracts that include professional services. These statutes expressly provide, however, that the professional services of architects and engineers, except those who are part of the design-build firm's team, must nevertheless be procured pursuant to the Professional Services Procurement Act. Section 44.036 of the Education Code, for example, permits a school district to enter into a single contract with a design-build firm for design and construction of a facility. However, if the district designates an engineer or architect who is not an employee to act as its agent, it must select the professional in accordance with the Professional Services Procurement Act. *See* TEX. EDUC. CODE ANN. § 44.036(c) (Vernon Supp. 2001). In preparing the design criteria package, the district must also procure engineering and architectural services in accordance with the Act. *See id.* § 44.036(d). And, the district must provide or contract for, independently of the design-build firm, inspection and testing services in accordance with the Act. *See id.* § 44.036(h); *see also id.* § 44.036(e)(1) (design-build firm must certify that each engineer or architect that is a member of its team "was selected based on demonstrated competence and qualifications"). Section 51.780 of the Education Code, which permits institutions of higher education to enter into design-build contracts, contains similar requirements with respect to professional services. *See id.* § 51.780(c), (d), (f)(1), (i). Moreover, in the last eleven years, the legislature codified the Professional Services Procurement Act in the Government Code[4] but has not amended it to make any exceptions that would allow governmental

---

[4]*See* Act of May 4, 1993, 73d Leg., R.S., ch. 268, §§ 1 (enacting TEX. GOV'T CODE ch. 2254, subch. A), 46
(continued...)

entities or their contractors to obtain by competitive bidding professional services that might be an ancillary or unforeseen component of a contract. In sum, we believe that the legislature's actions over the last eleven years to affirmatively authorize the procurement of professional services outside the Professional Services Procurement Act only in very limited circumstances and its failure to enact other exceptions to the Act confirm that Attorney General Opinion JM-1189 was correct in concluding that contracts that include professional services as a component part may not be competitively bid. Moreover, in order to effectuate legislative intent, we believe that we must continue to construe that prohibition broadly.

Having reaffirmed that the Professional Services Procurement Act applies whenever a governmental entity awards a contract that includes professional services as a component part, we turn to the question of whether a surveyor may submit competitive bids to a prime contractor in connection with a governmental contract. The Professional Services Procurement Act does not impose any legal obligation on a professional to refrain from providing a competitive bid to a governmental entity. The prohibition against competitive bidding in section 2254.003 applies to a governmental entity rather than a professional. *See* TEX. GOV'T CODE ANN. § 2254.003 (Vernon 2000) ("A *governmental entity may not* select a provider of professional services or a group or association of providers or award a contract for the services on the basis of competitive bids submitted for the contract or for the services . . . .") (emphasis added). Similarly, the requirements for procuring architectural, engineering, and land surveying services apply to the governmental entity rather than the architect, engineer or surveyor, or prime contractor. *See id.* § 2254.004(a) ("In procuring architectural, engineering, or land surveying services, *a governmental entity shall* . . . .") (emphasis added).

Significantly, however, the legislature's mandate that the Board "prescribe standards for compliance with Subchapter A, Chapter 2254, Government Code," TEX. REV. CIV. STAT. ANN. art. 5282c, § 9(a) (Vernon Supp. 2001), appears intended to prohibit surveyors from submitting competitive bids to governmental entities that are prohibited under the Professional Services Procurement Act from procuring or otherwise obtaining professional services in that manner. Although it seems somewhat anomalous to require the Board to prescribe standards to require its licensees to adhere to a statute that itself does not apply to them, we note that the legislature has enacted similar statutes authorizing or requiring other licensing boards to do the same. *See* TEX. REV. CIV. STAT. ANN. art. 249a, § 5(d) (Vernon Supp. 2001) (Texas Board of Architectural Examiners "shall adopt rules to prevent a person regulated by the Board from submitting a competitive bid to, or soliciting a competitive bid on behalf of, a governmental entity that is prohibited by Subchapter A, Chapter 2254, Government Code, from making a selection or awarding a contract on the basis of competitive bids"); TEX. OCC. CODE ANN. § 901.158(4) (Vernon Supp. 2001) (providing that Texas State Board of Public Accountancy in its rules may not restrict competitive bidding except as necessary to ensure that "a contract between a license holder and a state agency, publicly owned utility, or political subdivision, including a county, municipality,

---

[4](...continued)
(repealing TEX. REV. CIV. STAT. art. 664-4), 1993 Tex. Gen. Laws. 583, 865, 986.

district, or authority, for the performance of professional accounting services is not solicited or awarded on the basis of competitive bids submitted in violation of law"). Thus, we have no reason to doubt that the legislature intended to authorize, and indeed require, the Board to prohibit its members from engaging in competitive bidding that would run afoul of the Professional Services Procurement Act, even though that Act itself does not speak to their conduct. Accordingly, assuming that the Board intends its rule to mirror the Act's prohibitions, we conclude that the rule prohibits a surveyor from submitting competitive bids to a prime contractor in connection with a governmental contract, at either the planning and design or construction phase of a project.

Finally, you also ask whether a registered professional land surveyor has "a legal obligation to ask who the ultimate owner of the project will be, in order to avoid offering a competitive bid on a project which will be owned by a governmental entity." Request Letter, *supra* note 1, at 1. We assume that you are asking about a legal obligation under the Professional Services Procurement Act rather than the Board's rule. As we have explained, the Professional Services Procurement Act does not impose any legal obligation on a professional to refrain from providing a competitive bid to a governmental entity. The Act's prohibitions against competitive bidding apply to governmental entities rather than professionals. *See* TEX. GOV'T CODE ANN. §§ 2254.003 (Vernon 2000) ("A *governmental entity may not* select a provider of professional services or a group or association of providers or award a contract for the services on the basis of competitive bids submitted for the contract or for the services . . . .") (emphasis added); 2254.004(a) ("In procuring architectural, engineering, or land surveying services, *a governmental entity shall* . . . .") (emphasis added). A contract or arrangement entered into in violation of the Professional Services Procurement Act is expressly made "void as against public policy" by section 2254.005. *See id.* § 2254.005 ("A contract entered into or an arrangement made in violation of this subchapter is void as against public policy."). Thus, a surveyor who hopes to be paid for his or her services would be well advised to ascertain whether any competitive bidding negotiation to which he or she is a party is for services that are a component of a governmental contract. However, we do not believe the Act may be construed to impose an affirmative duty on a professional to ascertain whether offering a competitive bid on a particular project might run afoul of its provisions.

As we have discussed, the Board is expressly required to prescribe rules for compliance with the Professional Services Procurement Act. *See* TEX. REV. CIV. STAT. ANN. art. 5282c, § 9(a) (Vernon Supp. 2001). In addition, the Board is authorized to make and enforce all rules necessary "for the purpose of establishing standards of conduct and ethics for surveyors." *Id.* We believe this legislative grant of authority includes the power to specify whether or not the Board's rule on competitive bidding imposes a duty on surveyors to ascertain whether a contract would run afoul of the Professional Services Procurement Act. If the Board intends to bring disciplinary actions against surveyors who fail to ascertain whether competitively bidding a contract might run afoul of the Professional Services Procurement Act, it would be well advised to provide notice to its licensees by establishing and clarifying this affirmative duty by rule.

## S U M M A R Y

If a governmental entity's contract with a prime contractor requires professional services, either expressly or in fact, then the governmental entity has entered into a contract that includes professional services as a component part and the contract is subject to the Professional Services Procurement Act, TEX. GOV'T CODE ANN. ch. 2254, subch. A (Vernon 2000). Assuming that the intent of the Texas Board of Professional Land Surveying's competitive-bidding rule is to mirror the Act's prohibitions, then the rule prohibits a surveyor from submitting competitive bids to a prime contractor in connection with a governmental contract, at either the planning and design or construction phase of a project. Although the Professional Services Procurement Act does not obligate a professional to determine whether a contract is subject to the Act's prohibition against competitive bidding, a contract or arrangement entered into in violation of the Act is expressly made "void as against public policy" by section 2254.005. *See id.* § 2254.005.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee